IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ZANE B. BARKER AND WENDY S.
BARKER,

      Plaintiffs,

vs.                                                             1:20-cv-00951-KWR-JFR

USAA CASUALTY INSURANCE
COMPANY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss Plaintiffs' Case for Discovery Violations. **Doc. 34**. Having reviewed the parties' pleadings and the relevant law, the Court finds that the motion is well taken, and is therefore **GRANTED IN PART** and **DENIED IN PART** for the reasons provided below. The Court declines to dismiss the case. However, the Court awards Defendant reasonable attorney's fees and costs resulting from filing the instant motion and pursuing third-party subpoenas.

### BACKGROUND

This case arises out of a large wind and hail storm that occurred in Albuquerque, NM on or around July 30, 2018.[1] *See* **Doc 1-1, ¶ 11**. Plaintiffs Zane Barker and Wendy Barker alleged that their home suffered severe damage because of the storm. *Id.* At the time of the storm,

---

[1] Plaintiffs' Complaint (**Doc 1-1, ¶ 11**) incorrectly lists the date of the storm as June 30, 2018. *Cf.* **Doc. 37, at 4** (listing July 30, 2018 as the date of the storm in Plaintiffs' Motion); *see* Jackie Kent, *Albuquerque Hit Hard by Biggest Hail Storm in Years*, KRQE, https://www.krqe.com/news/albuquerque-hit-hard-by-biggest-hail-storm-in-years/ (last updated Aug. 1, 2018)).

1

Plaintiffs held a homeowners' insurance policy with Defendant USAA Casualty Insurance. *Id.* Plaintiffs alleged that after the storm, Defendant failed to properly investigate and estimate Plaintiffs' damages and refused to provide fair payment for the losses suffered. *Id.* ¶¶ **11-12**. Accordingly, Plaintiffs contend that they were forced to hire a third-party estimate writer to properly investigate and quantify their damages. *Id.* ¶ **13**. Plaintiffs allege that the third-party estimator showed that their damages totaled $97,144.83. *Id.* Thus, Plaintiffs assert that Defendant's estimate grossly undervalued Plaintiffs' damages and Plaintiffs were intentionally and knowingly underpaid. *Id.* As a result, Plaintiffs filed suit in the Second Judicial District Court, Bernalillo County, State of New Mexico alleging the following claims:

Count I:     Breach of Contract

Count II:    Violation of the New Mexico Unfair Insurance Claims Practices Act, NMSA § 59A-16-20

Count III:   Bad Faith

Count IV:    Negligence[2]

Defendant removed this case to this Court (**Doc. 1**) and subsequently filed a motion to dismiss this case for discovery violations. **Doc. 34**.

In the instant motion, Defendant seeks dismissal of Plaintiffs' case with prejudice as a Federal Rule of Civil Procedure 37(b) sanction for Plaintiffs alleged discovery abuses, and the award of reasonable attorney's fees and costs. *Id.* **at 1**. Defendant highlights certain events which it asserts warrants dismissal.

First, Defendant points to Plaintiffs' deficient discovery responses. *Id.* **at 3-4**. Plaintiffs failed to sufficiently respond to Defendant's initial interrogatories and the parties agreed that Plaintiffs would receive additional time to supplement their responses. *Id.* **at 4**; **Doc. 34-4, Ex. D**.

---

[2] This Court granted the parties stipulation to dismiss Count IV with prejudice. **Doc. 28**.

Plaintiffs failed to timely supplement their responses by the parties December 11, 2020 deadline, and as a result, the Court ordered Plaintiffs to supplement their discovery answers and responses by January 4, 2021. **Doc. 34, at 4**; **Doc. 22, at 2**. Plaintiffs provided supplemental responses by the requested date, but also provided an additional 136 pages of additional discovery which were allegedly under Plaintiffs' control or possession at the time of their initial discovery responses. **Doc. 34, at 4**; *see also* **Doc. 23, at 2** ("The Court advised [Plaintiffs' counsel] that these materials should have been disclosed sooner than now and that it is perplexed as to how and why this has taken place."). Defendant alleges that the additional documents included two undisclosed home inspections in 2017 and 2018, predating the hail storm, and relevant to the same damages at issue in the instant case. **Doc. 34, at 4-5**; **Doc. 34-6, Ex. F**.

Second, Defendant points to subpoenas issued to third parties in the case, including Plaintiffs' roofing contractor and Plaintiffs' public adjuster, through which Defendant learned that Plaintiffs possessed and failed to produce relevant communications. **Doc. 34, at 5**. Defendant alleges that in response to its subpoena, Plaintiffs' public adjuster, Blue Sky employee Joe Hollingsworth, produced a communications log between himself, Blue Sky agents, and Plaintiffs that revealed undisclosed communications pertinent to the claims. *Id.*; **Doc. 34-7, Ex. G**. Defendant also alleges that in response to a subpoena, Plaintiffs' roofing contractor, Marsh Construction employee Warren Wilgus, produced 40 pages of Facebook messages between himself and Plaintiffs regarding the homeowners' insurance claim at issue. **Doc. 34, at 5**; **Doc. 34-8, Ex. H**. Defendant alleges that these communications revealed a previously undisclosed insurance claim filed by the Plaintiffs regarding the storm and revealed a contractor that performed work on Plaintiffs' home that Plaintiffs failed to identify in their initial discovery responses. **Doc.**

**34, at 5-6**; **Doc. 34-8, Ex. H**; *cf.* **Doc. 34-5, Ex. E, at 1** (identifying Wilgus as the only contractor to have performed work on the Plaintiffs' property from 2010 to present day).

Finally, Defendant points to two depositions as additional evidence of discovery violations. In Plaintiff Zane Barker's deposition, Plaintiff admitted that there were several communications, including Facebook messages, text messages, and emails, relevant to the instant case that he failed to disclose because he believed they were "oral communications." **Doc. 34, at 6-7**; **Doc. 34-9, Ex. I**. Defendant also points to the deposition of Hollingsworth, where the adjuster revealed that he possessed relevant documents that were never requested by Plaintiffs and further stated that he provided certain relevant documents to Plaintiffs' counsel, documents which Defendant claims were never disclosed or provided. **Doc. 34, at 7-8**; **Doc. 34-11, Ex. K**.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 37(b), the Court may order sanctions if "a party…fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)." *See* Fed. R. Civ. P. 37(b)(2)(A). An "evasive or incomplete disclosure, answer, or response **must be treated as a failure to disclose, answer, or respond**." *Id.* at 37(a)(4) (emphasis added). Sanctions for failure to provide or permit discovery may include, but are not limited to, prohibiting a disobedient party from supporting claims or defenses or introducing designated matters into evidence, staying further proceedings until the order is obeyed, striking pleadings in whole or in part, dismissing the action, rendering a default judgment against the disobedient party, or treating the failure as contempt. *Id.* at 37(b)(2)(A)(i)-(vii).

While the Court has discretion to choose a sanction, "the chosen sanction must be both just and related to the particular claim which was at issue." *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (internal quotations omitted) (quoting *Insurance Corp. of Ireland v.*

*Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)).  "[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Id.* at 920.  Thus, to determine whether dismissal or other sanctions are appropriate under Rule 37, the Court may consider five factors, including:

(1) the degree of actual prejudice to the defendant;

(2) the amount of interference with the judicial process;

(3) the culpability of the litigant;

(4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and

(5) the efficacy of lesser sanctions.

*Id.* at 921; *see also Klein v. Harper,* 777 F.3d 1144, 1147-48 (10th Cir. 2015).  Determination of the correct sanction for a discovery violation is a fact-specific inquiry, and dismissal is appropriate only when "aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits."  *See Ehrenhaus*, 965 F.2d at 920-21 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).

## DISCUSSION

### I. The Court Declines to Dismiss the Case.

Defendant claims that Plaintiffs have displayed a pattern of discovery abuse that should result in dismissal of this case.  **Doc. 34, at 9-10**.  In response, Plaintiffs argue that the Facebook messages that were not initially produced do not support any defenses raised by the Defendant. **Doc. 37, at 2-3**.  Additionally, Plaintiffs argue that the non-disclosure of the contractor who performed work on Plaintiffs' property is not material here because Defendant was aware of the

contractor's existence and possessed all documents from the contractor prior to Plaintiff Zane Barker's deposition and before the Court's discovery deadline. *Id.* **at 3**.

The Court has considered the facts in light of the relevant factors and finds that although Plaintiffs' discovery conduct is troublesome, the harsh sanction of dismissal is not warranted. The Court finds that requiring Plaintiffs to pay Defendant's reasonable attorney's fees and costs for the filing of this motion and from pursuing third-party subpoenas is a just sanction for Plaintiffs' conduct.

### A. Actual Prejudice

Defendant argues it was prejudiced because it was forced to spend additional time and expense to conduct an "investigation of Plaintiffs' discovery." *See* **Doc. 34, at 10**. Defendant argues that it "cannot trust Plaintiffs to fully or honestly respond to its requests" and without due diligence on its part, it would not possess "critical information regarding the timeline of the Property's damages that directly contradicts the claims alleged [in] Plaintiffs' Complaint." *Id.* **at 11-12**. Whereas Plaintiffs argue that there was no prejudice because Defendant already "had access to the documents it sought prior to conducting a single deposition." *See* **Doc. 37, at 8**; **Doc. 37-7, Ex. G** (noting January 26, 2021 email sent from Marsh Construction to Defendant's counsel).

Here, the Court finds that Defendant has shown some degree of actual prejudice. Regardless of whether the information belatedly disclosed by Plaintiffs was intentionally or inadvertently overlooked, Plaintiffs withholding of discoverable material caused Defendant to unnecessarily expend time and resources. The record shows that Defendant uncovered discoverable material when it conducted depositions or engaged in third-party discovery, thus leading to unnecessary delay and uncertainty that undermined discovery. Plaintiffs' arguments regarding Defendant's access or knowledge of the documents are unavailing. These documents

appear to have been obtained after third-party subpoenas were issued by Defendant and were not initially disclosed nor provided during Plaintiffs initial or supplemental disclosures. *See, e.g.*, **Doc. 37-7, Ex. G** (third-party response to subpoena regarding communications between Marsh Construction and Plaintiff Zane Barker). Based on the record, the Court finds that Defendant has shown some prejudice, and this factor weighs in favor of dismissal.

### B. Interference with the Judicial Process

Next, Defendant asserts that Plaintiffs have interfered with the judicial process because their failure to produce relevant documents "within their possession from the outset is a complete runaround of the discovery process." **Doc 34, at 12**. In response, Plaintiffs argue that they have "not ignored any Court order." **Doc. 37, at 8**. Plaintiffs' assert that they produced relevant documents in response to the Court's order and any communications not produced were the result of "inadvertent[]" error. *Id.* Plaintiffs' arguments are unpersuasive.

Here, the Court finds that Plaintiffs have interfered with the judicial process as Defendant continues to unearth relevant, discoverable material that have been in Plaintiffs' possession and should have been provided in response to the Court's order. The Court ordered Plaintiffs to supplement their answers and responses to Defendant's interrogatories by January 4, 2021. **Doc. 22, at 2**. At the time, the Court inquired whether Plaintiffs' counsel understood what documents Defendant sought, and Plaintiffs' counsel responded in the affirmative. *Id.* Thus, Plaintiffs "evasive or incomplete" disclosures must be treated as a failure to disclose. *See* Fed. R. Civ. P. 37(a)(4). Notably, it appears that as Plaintiffs filed their opposition to Defendant's motion to dismiss on May 10, 2021, Plaintiffs also simultaneously produced an additional 299 pages of discovery that appear responsive to the Court's order. *See* **Doc. 38, at 1**; *see also* **Doc. 37, at 6-7** ("To avoid any confusion and show the Court that Plaintiffs do not have anything to hide, nor do

they want to, Plaintiffs have produced the file of Joe Hollingsworth, all Facebook messenger documents Plaintiffs have been able to obtain, and text messages between Plaintiff Zane Barker and Joe Hollingsworth.").

Thus, despite Plaintiffs' assurances, it remains unclear whether Plaintiffs have in fact disclosed all relevant documents pursuant to the Court's order. As a result, this Court finds that Plaintiffs delayed supplemental productions have materially affected the discovery process, and this factor weighs in favor of dismissal.

### C. Culpability of Litigants

Defendant argues that Plaintiffs are culpable for discovery abuses because they have made "no attempt to comply with their discovery obligations, nor have they made any attempt, after [Defendant's] third-party subpoena responses revealed missing material information, to supplement their discovery with those documents." *See* **Doc. 34, at 12**. In rebuttal, Plaintiffs argue that relevant documents not produced were possessed by third parties, that other documents not produced were the result of Plaintiff Zane Barker's "misunderstanding," and further, that Defendant was in possession of most documents at issue prior to Plaintiff Zane Barker's deposition *Id.* **at 9**.

Federal Rule of Civil Procedure 34 requires a party to produce designated documents that are "in [its] possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Control does not require that the party have legal ownership or actual physical possession of the documents, rather, "if a person, corporation, or a person's attorney or agent can pick up a telephone and secure the document, that individual or entity controls it." *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 382 (D.N.M. 2018); *see also City of Las Cruces v. United States*, No. 17-CV-809 JCH/GBW, 2021 WL330062, at *8 (D.N.M. Feb. 1, 2021). Here, Plaintiffs had the right to secure

documents from their public adjuster, therefore, Plaintiffs had control of those documents. The Court cannot credit Plaintiffs' argument that they failed to produce those documents because the documents were not in their possession or because Defendant was able to eventually acquire these documents after the issuance of subpoenas prior to Plaintiff Zane Barker's deposition.

Overall, however, the Court concludes that although Plaintiffs are culpable in part, Plaintiffs' conduct appears inadvertent. Plaintiff Zane Barker provides some justification on the record for some of his non-disclosures. Plaintiff stated that he was not "trying to hide anything" regarding communications that he failed to provide, instead, he believed Facebook and text messages at issue were "oral" communications and he was unaware that he needed to "translate" or "transcrib[e]" messages for discovery. *See* **Doc. 34-9, Ex. I, at 75-77**. Plaintiff also reiterated that he was "not trying to hide anything from USAA. It [was his] goal to be honest." *See* **Doc. 37-2, Ex. B, at 78**. The Court finds that the record supports the conclusion that at least some of the non-disclosures may have been unintentional or the result of Plaintiffs' misunderstanding of the scope of discovery. Thus, the Court cannot conclude that Plaintiffs' behavior here is entirely the result of "bad faith" or willful and "intentional disobedience." *See Ehrenhaus*, 965 F.2d at 921. Therefore, the Court finds that this factor weighs against dismissal.

### D.  Advanced Warning of Dismissal

The parties agree that no warning has been given in this case. *See* **Doc. 34, at 13**; **Doc. 37, at 10**. However, Defendant argues that a warning is not required before dismissal. Although the Court agrees that a warning is not a prerequisite for dismissal, *see, e.g.*, A*rchibeque v. Atchison, Topeka & Santa Fe Railroad Co.*, 70 F.3d 1172, 1175 (10th Cir. 1995), in this case, dismissal before a warning would be premature and would be overly punitive relative to the parties' conduct. Therefore, the Court concludes that the absence of a warning weighs against dismissal.

### E. Efficacy of Lesser Sanctions

Finally, Defendant argues that dismissal is the appropriate remedy because lesser sanctions would be "ineffective." *See* **Doc. 34, at 14-15**. Plaintiffs counter that dismissal of the case should serve as a "last resort" and that dismissal would allow Defendant to "escape [its] obligations and responsibilities." *See* **Doc. 37, at 10-11**.

An application of the factors in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992) to the facts here results in the conclusion that an appropriate sanction is one that would focus on compensating Defendant for any costs or fees they have incurred because of Plaintiffs incomplete or belated supplemental disclosures. The late production of documents and materials relevant to the parties' claims and defenses, and omitted from Plaintiffs' supplemental responses, has prejudiced the Defendant. Yet, although the prejudice that Defendant has suffered is real, it is not significant enough to justify dismissing Plaintiffs' case.

The Court finds that the imposition of a lesser sanction, such as reasonable attorney's fees and costs requested by Defendant, is more appropriate. *See* **Doc. 23, at 2** ("The Court advised [Plaintiffs' counsel] that he does not do his clients any favors by slow walking discovery and that the Court is prepared to consider whether sanctions should be imposed."). The award of fees and costs as a sanction is sufficient to persuade Plaintiffs to satisfy their discovery obligations and should serve to ensure that Plaintiffs do not profit from their failure to fully comply with discovery requirements. Further, the imposition of attorney fees is sufficient to act as a specific deterrent in securing compliance with future orders issued by the Court. Given the efficacy of lesser sanctions, the Court concludes that dismissal is inappropriate in this case.

## II. The Court Awards Reasonable Attorney's Fees and Costs Related to the Filing of the Instant Motion and Pursuing Third-Party Subpoenas to Defendant.

Defendant asks the Court to award attorney's fees and costs associated under Federal Rule of Civil Procedure 37(c) for (1) Plaintiffs' discovery abuse and (2) Plaintiffs' failure to preserve or produce discoverable evidence. *See* **Doc. 34 at 15**. Defendant explains that it is entitled to these costs because "[a]ll supplemental and third party discovery conducted by USAA CIC was necessitated by Plaintiffs' failure to produce the information USAA CIC requested from the outset." *Id.* Plaintiffs request, without argument, that the Court deny costs and attorney's fees. *See* **Doc. 37, at 11**.

Under Rule 37(c), if a party "fails to provide information or identify a witness as required by Rule 26(a) or (e)," the Court:

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1); *see also* Fed. R. Civ. P. 26(a) (discussing required initial disclosures, disclosure of expert testimony, and pretrial disclosures); Fed. R. Civ. P. 26(e) (discussing supplementing disclosures and responses).

Here, as stated above, the Court finds that the award of reasonable attorney's fees and costs associated with the instant motion serves the purpose of impressing on Plaintiffs the importance of compliance with the Court's orders and the discovery process. Additionally, the Court finds that expenses incurred as a result of third-party subpoenas at issue may be properly shifted to Plaintiffs. *See Faraday 100 LLC v. Acuity*, No. 1:20-CV-00767-WJ-SCY, 2021 WL 3370256, at *4 (D.N.M. Aug. 3, 2021). Yet, these expenses will be limited only to costs Defendant can show

11

it would not have incurred but for Plaintiffs initial production failures. *See id.* at *4-5 (shifting the costs of a discovery motion and corporate representative's deposition to opposing party as a sanction for a Rule 37(b)(2) discovery violation).

## CONCLUSION

For the reasons stated above, the Court concludes that dismissal of Plaintiffs' case is not an appropriate sanction. Instead, as a sanction, the Court awards fees and costs stemming from Defendant's filing of the instant motion and pursuance of related third-party subpoenas.

Moreover, the Court hereby warns Plaintiffs that continued failure to comply with the Court's orders will result in the imposition of additional, appropriate sanctions. Ultimately, if Plaintiffs establish a pattern and practice of willful noncompliance or partial compliance with Court orders or the discovery process, then the Court may appropriately order the harsh consequence of dismissal of the suit.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss **(Doc. 34)** is hereby **GRANTED IN PART AND DENIED IN PART** for reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that Plaintiffs pay Defendant's reasonable attorney's fees and costs related to the filing of this Motion, and reasonable costs associated with third-party discovery resulting from Plaintiffs' non-disclosures.

**FURTHERMORE**, within **fourteen (14) days** of the entry of this Order, Defendant shall file an affidavit outlining the fees and costs it incurred. Within **fourteen (14) days** after Defendant files its affidavit, Plaintiffs may file any objections they have to the amount Defendant requests. Defendant shall then have **fourteen (14) days** to file a response to objections.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**